JUSTIN X. WANG (CSB #166183)
BAUGHMAN & WANG
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile:  (415) 576-9929

Attorney for Plaintiff
Aye Aye KYI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Aye Aye KYI | Case No.: CV 08 3383 |
| | ) |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S PETITION** |
| vs. | ) **FOR REVIEW** |
| | ) |
| MICHAEL CHERTOFF, Secretary of the | ) **8 U.S.C. § 1421(c)** |
| Department of Homeland Security; | ) **[8 C.F.R. § 336.9(b)]** |
| | ) |
| Defendant. | ) |
| | ) |

**Plaintiff, Aye Aye KYI, by and through her undersigned Attorney, sues Defendant and states as**

**follows:**

## I. INTRODUCTION

1. This action is brought against the Defendant to challenge its erroneous denial of Plaintiff's N-

400 application for naturalization. This case involves unique and extraordinary facts and requires

extraordinary relief. This action challenges the Defendant's affirmative actions, and inactions, as

violating the Administrative Procedures Act and seeks equitable relief pursuant to 8 U.S.C. § 1421(c),

entitled "Naturalization authority," 8 C.F.R. Section 336.9, entitled "Judicial Review of Denial

Determinations on Applications for Naturalization", and the Administrative Procedure Act, et seq.

## II. PARTIES

2. Plaintiff, Aye Aye KYI, brings this action on behalf of herself, as a lawful permanent resident

of the United States who is married to a United States citizen. See *Letter from USCIS District Director*

*and Notice of Granting of Permanent Residency* attached as **Exhibit 1**. See also *Letter from USCIS*

*dated June 24th 2005* attached as **Exhibit 2.**

3. Defendant, Michael Chertoff, is the duly appointed Secretary of the Department of Homeland

Security (DHS), and this action is brought against him in his official capacity. Defendant is generally

charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate

such powers and authority to subordinate employees of the DHS. 8 U.S.C. § 1103(a); 8 C.F.R. 2.1.

## III. JURISDICTION

4. This Court has jurisdiction over the present action pursuant to 8 U.S.C. § 1421(c) which

states;

> § 1421. Naturalization authority
>
> (c) Judicial review-A person whose application for naturalization under
> this subchapter is denied, after a hearing before an immigration officer
> under section 1447(a) of this Title, may seek review of such denial before
> the United States district court for the district in which such person
> resides in accordance with chapter 7 of Title 5. Such review shall be de
> novo, and the court shall make its own findings of fact and conclusions of
> law and shall, at the request of the petitioner, conduct a hearing de novo
> on the application. 8 U.S.C. § 1421(c)

Also see 8 C.F.R. Section 336.9, entitled "Judicial Review of Denial Determinations on Applications for Naturalization", which specifically states that

> Under these procedures an applicant shall file a petition for review in the United States District Court having jurisdiction over his or her place of residence, in accordance with chapter 7 of title 5, United States Code, within a period of not more than 120 days after the Service's final determination. 8 C.F.R. § 336.9(b).

Jurisdiction is also proper under 28 U.S.C. Section 1331, Federal Question Jurisdiction, and 5 U.S.C. § 702, the Administrative Procedures Act. Relief is requested pursuant to said statutes.

## IV. VENUE

5. Venue is proper in this court, pursuant to 8 U.S.C. § 1421(c), as stated above, and 28 U.S.C. § 1391(e), as amended, which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides, or where a substantial part of the events or omissions giving rise to the claim occurred, or where the Plaintiff resides, where there is no real property involved in the action. No real property is involved in this action, Plaintiff, Aye Aye KYI, is a resident of the Northern District of California, the events and omissions giving rise to this claim occurred in the Northern District of California at the USCIS San Francisco Field Office, and Defendant, the Department of Homeland Security, is an agency that operates within this district. Thus venue is proper in this district.

## V. EXHAUSTION OF REMEDIES

6. Plaintiff has exhausted all administrative remedies available and has determined that no adequate legal remedies exist. In what one of Defendant's own officers calls the "worst [case] she's ever seen," Petitioner has made every effort to return the Defendant's improperly issued permanent

3

1  residency card to Defendant and have it rescinded, only to have Defendant return it to Plaintiff,

2  insisting that they consider her a lawful permanent resident. See **Exhibit 2**; also *Letter from USCIS*

3  *District Director denying adjustment of status dated June 20th, 2005* attached as **Exhibit 3**; and also

4  *Attorney's Letter to District Director dated April 10, 2008* attached as **Exhibit 4**. Nonetheless,

5  Defendant, from the same field office, continues to refuse to approve Petitioner's application for

6  naturalization on the grounds that she possesses an improperly issued green card. **Exhibit 3**.

7

8  ## VI. CAUSE OF ACTION

9      7. On May 31st, 1990, Plaintiff, Aye Aye KYI, was named as a beneficiary by her mother as the

10  unmarried adopted daughter of a lawful permanent resident (2nd preference immigrant category, F-29)

11  in an immigrant visa application (Form I-130). See *Notice of I-130 Petition Approval dated May 31st,*

12  *1990* attached as **Exhibit 5**. On July 17th, 1995, Plaintiff filed an I-485 application for adjustment of

13  status in conjunction with this application. See *INS Adjustment of Status Interview Notice dated July*

14  *17th, 1990* attached as **Exhibit 6**.

15

16      8. On February 14th, 2003, Plaintiff married a U.S. citizen, automatically revoking the original

17  I-130 Application under the F-29 category by operation of law pursuant to 8 C.F.R. § 205.1[1].  See

18  *License and Certificate of Marriage and Husband's Certificate of Naturalization* attached as **Exhibit 7**.

19  As a petitioning permanent resident cannot petition for a married son or daughter, Plaintiff's marriage

20  caused her to immediately lose eligibility to adjust her status within the F-29 category.

21

22

23  ---

[1] **8 C.F.R. § 205.1 Automatic Revocation.**

24    (a)  Reasons for automatic revocation. The approval of a petition or self-petition made under section 204 of the Act and in accordance with part 204 of this chapter is revoked as of the date of approval:

25

26        (3) If any of the following circumstances occur before the beneficiary's or self-petitioner's journey to the United States commences or, if the beneficiary or self-petitioner is an applicant for adjustment of status to that of a permanent resident, before the decision on his or her adjustment application becomes final:

27

28          (I) Upon the marriage of a person accorded status as a son or daughter of a lawful permanent resident alien under section 203(a)(2) of the Act.

9. Then, as early as April 2003, Plaintiff informed Defendant that she was now married and applied for a subsequent Form I-130 immigrant visa application as the spouse of a U.S. citizen. See *Cover Letter From Attorney to BCIS dated April 11th, 2003* attached as **Exhibit 8,** see also *DHS BCIS Notice of Receipt of I-485 Application dated May 12th, 2003* attached as **Exhibit 9.** However, on August 12, 2003, Defendant granted Plaintiff's adjustment of status based on the prior Form I-130, F-29 category (the one that should have been Rescinded), and not based on the form I-130 through her U.S. Citizen spouse-completely ignoring 8 C.F.R. § 205.1. **Exhibit 1, Exhibit 2.**

10. On February 12th, 2004, at an adjustment of status interview in relation to her I-485 application through her spouse, Plaintiff surrendered her F-29 based permanent residency card to Defendant and stated that she sought to abandon that permanent residency or have it rescinded. See Attorney's *Letter to Field Office Director dated February 7th, 2008* attached as **Exhibit 10.**

11. Defendant retained Plaintiff's permanent residency card for over a year, until it wrote to Plaintiff on June 20th 2005, stating that it still considered her a permanent resident. **Exhibit 2, Exhibit 3.** To date, Defendant continues in its failure to rescind or acknowledge abandonment of Plaintiff's F-29 based permanent residency and rectify their error.

12. On June 7th, 2006 Plaintiff applied for naturalization under Section 319(a) of the Immigration and Nationality Act (INA) and was interviewed by Defendant on September 14th 2006. Reviewing her N-400 application, Defendant subsequently denied her application for naturalization on January 29th, 2008. See *Denial of Application Decision dated January 29th, 2008* attached as **Exhibit 11.**

13. On April 9th, 2008, Defendant conducted a review hearing of Plaintiff's naturalization application. At this time, Defendant again denied her application citing her status as being in a state "of permanent residence, granted without a valid visa" as reason for its inability to approve the application

Plaintiff's Petition for Review

or adjust her status in any way. See *USCIS N-336 Hearing decision dated June 17th, 2008* attached as **Exhibit 12.**

14. As a result of Defendant's affirmative actions in refusing to rescind Plaintiff's erroneously granted F-29 based permanent residency, and at the same time deny her naturalization because of that same erroneously granted permanent residency, Plaintiff has been unable to become a citizen for the past five years, unable to pursue any future course of action or employment requiring citizenship, and has been unable to vote. Furthermore, Plaintiff faces the potential of having to start over again in the immigration process, by having to reapply, pay additional fees, and waiting a long and indefinite number of years to once again adjust her status or even be naturalized-all because of the Defendant's failure to act.

15. The Department of Homeland Security has acted affirmatively, and contrary to its own determinations, effectively creating an unreasonable and indefinite bar to the Plaintiff making any adjusting of her status or becoming a United States citizen.

16. Plaintiff has met all the requirements for naturalization is owed a duty by the Defendant to be treated fairly and consistently when the Defendant acts affirmatively, and it has unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts, particularly showing that she has made every attempt to comply with the determinations and instructions of the Service. Defendant determined that Plaintiff must abandon or rescind her F-29 based permanent residency before Plaintiff's status can be adjusted, so Plaintiff Returned her F-29 based permanent residency card to Defendant to acknowledge her abandonment of it and to have it officially rescinded. Defendant then held that card for over a year without making a determination on its rescission. Furthermore, in the same week that Defendant denied Plaintiff's naturalization application on the grounds that her F-29 based permanent residency card has not been abandoned or rescinded, Defendant returned the card to Plaintiff without rescinding it, simply stating that, "you are considered a lawful permanent resident

until you abandon your status or your status is rescinded by the Service." **Exhibit 2, Exhibit 3.** The Defendant's inconsistent actions are greatly harming Plaintiff by causing extensive delays, costs, and uncertainties.

17. Plaintiff has exhausted any administrative and legal remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendant's refusal to comply with their own internal determinations and rescind her F-29 based permanent residency and grant her naturalization.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(1) Assume jurisdiction of this cause;

(2) Declare that no adequate remedy at law exists, and that Defendant's failure to rescind Plaintiff's erroneously granted F-29 permanent residency warrants equitable relief.

 (3) Order Defendant to approve Plaintiff's I-485, nunc pro tunc, based on her marriage to a

 U.S. citizen;

(4) Grant Plaintiff's application for naturalization;

(5) Grant such other and further relief as this Court deems proper under the circumstances; and

(6) Grant attorneys fees and costs of Court.


DATED: July 10th, 2008                          Respectfully submitted,



                                        Justin X. Wang,

                                        Attorney for Plaintiff

Plaintiff's Petition for Review

## LIST OF ATTACHMENTS

**EXHIBIT #**                **NAME**

1.        Letter from USCIS District Director and Notice of Granting of Permanent Residency

2.        Letter from USCIS dated June 24th 2005

3.        Letter from USCIS District Director denying adjustment of status dated June 20th, 2005

4.        Attorney's Letter to District Director dated April 10th, 2008

5.        Notice of I-130 Petition Approval dated May 31st, 1990

6.        INS Adjustment of Status Interview Notice dated July 17th, 1990

7.        Wedding Invitation dated February 12th, 2003, License and Certificate of Marriage and Husband's Certificate of Naturalization

8.        Cover Letter From Attorney to BCIS dated April 11th, 2003

9.        DHS BCIS Notice of Receipt of I-485 Application dated May 12th, 2003

10.       Attorney's Letter to Field Office Director dated February 7th, 2008

11.       N-400 application Receipt Notice and Denial of Application Decision dated January 29th, 2008

12.       USCIS N-336 Hearing decision dated June 17th, 2008

Plaintiff's Petition for Review

Ex. 1

*U.S. DEPARTMENT OF JUSTICE*
*U.S. IMMIGRATION AND NATURALIZATION SERVICE*
*630 SANSOME STREET*
*SAN FRANCISCO, CALIFORNIA 94111*

AUG – 8

*JUSTIN WANG*
*22 BATTERY STREET, SUITE 612*
*SAN FRANCISCO, CA 94111*

Date:   *08/06/2003*
A:   *74 227 576*
Approval Date:
Adj. Class:   *F29*

RE:      *AYE AYE KYI*

DEAR APPLICANT(S):

Please be advised that you have been granted permanent resident alien status as
of the above date.  This letter should not be regarded as proof of that status.
You are being processed for an alien registration card which should be mailed
to you at the above address within one year.  If you require proof of your
status in order to travel or proof of ability to work, you may come to the
Immigration Office at 444 WASHINGTON STREET, San Francisco, CA 94111, for a
temporary stamp. Bring this original letter (no copies) and your valid
unexpired passport with you. Also, bring any original I-94's, advance paroles,
or employment authorization cards in your possession.

BETWEEN THE HOURS OF 7:45 AM TO 12:00 PM, MONDAY THROUGH FRIDAY ONLY (except
holidays). (This letter is not valid without proper signature and immigration
stamps).

NOTE: OFFICE IS CLOSED ON THE LAST WEDNESDAY OF EACH MONTH.

Representative notified:      *JUSTIN WANG*

SINCERELY,

DAVID N. STILL
ACTING DISTRICT DIRECTOR                                          PC10

# UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>WAC-03-211-51893 | | CASE TYPE  I181<br>CREATION OF RECORD OF LAWFUL PERMANENT RESIDENCE |
|---|---|---|
| RECEIPT DATE<br>July 14, 2003 | PRIORITY DATE | APPLICANT  A74 227 576<br>KYI, AYE AYE |
| NOTICE DATE<br>August 14, 2003 | PAGE<br>1 of 1 | |

| AYE AYE KYI<br>208 WAYLAND ST<br>SAN FRANCISCO CA 94134 | Notice Type:  Welcome Notice |
|---|---|

## WELCOME TO THE UNITED STATES OF AMERICA

It is with great pleasure that we welcome you to permanent resident status in the United States.

Your new permanent resident status has been registered. At the top of this notice you will see a very important number. That is your INS A# (A-number). It is your permanent resident account and file number. This permanent account number is very important to you. You will need it whenever you contact us.

We will soon mail you a new *Permanent Resident Card*. You should receive it within the next 3 weeks. You can use it to show your new status. When you receive your card you must carry it with you at all times if you are 18 or older. It is the law.

Please call us at (800) 375-5283 if any of the information about you shown above is incorrect, if you move before you receive your card, or if you don't receive your card within the next 3 weeks. If you call us, please have your A# and also the receipt number shown above available. The receipt number is a tracking number for your application.

Please read the notice that comes with your card. It will have important information about your card, about your status and responsibilities, and about permanent resident services available to you.

Your new card will expire in ten years. While card expiration will not directly affect your status, you will need to apply to renew your card several months before it expires. When the time comes and you need filing information, or an application, or if you ever have other questions about permanent resident services available to you, just call our *National Customer Service Center* at 1-800-375-5283 or visit the INS website at www.ins.usdoj.gov. (If you are hearing impared, the NCSC's TDD number is 1-800-767-1833.) The best days to call the NCSC are Tuesday through Friday.

Once again, welcome to the United States and congratulations on your permanent resident status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA..

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283



Ex. 2

U.S. Department of Homeland Security
San Francisco, CA 94111



U.S. Citizenship
and Immigration
Services

6/24/05

Aye Aye Kyi
208 Wayland Street
San Francisco, CA 94134

Your alien registration card is hereby returned for your retention. You are
considered a lawful permanent resident until you abandoned your status
or your status is rescinded by the Service.

William C. Ramos
USCIS
Adjustment of Status Unit

Ex 3

epartment of Homeland Security
63. ...nsome Street
San Francisco, CA 94111



U.S. Citizenship
and Immigration
Services

Date:    JUN 2 0 2005

Aye Aye Kyi
208 Wayland Street
San Francisco, CA 94134

Refer to This File No.:  A 74 227 576

Upon consideration, it is ordered that your application for status as a lawful permanent resident be denied for the following reasons:

SEE ATTACHMENT

Sincerely,

David N. Still
District Director

Cc:    Justin Wang
       22 Battery St, Ste 612
       San Francisco, CA 94111

Form I-291(Rev.4/1/97)N                    www.uscis.gov

KYI    A 74227576
Page 2

On May 2, 2003 you filed for the benefits of Section 245 of the Immigration and Nationality Act, as amended, for lawful permanent residence.  Section 245 provides in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence...

Section 101(a) of the Act provides in pertinent part:

> (20) The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

You were granted permanent residence on August 8, 2003, with no evidence of termination. Therefore, you are ineligible to adjust to lawful permanent residence.

In view of the above, it is concluded that your application must be denied.

ATTACHMENT TO FORM I-291

Ex. 4

# BAUGHMAN & WANG

## ATTORNEYS AT LAW

San Francisco Main Office

111 Pine Street, Suite 1350
San Francisco, CA 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929
Website: lawbw.com
Email: lawbw@aol.com

Fremont Office

39650 Liberty Street, Suite 240
Fremont, CA 94538
Telephone: (510) 623-9668
Facsimile: (510) 623-9498

April 10, 2008

Rosemary Melville, District Director
U.S. Citizenship and Immigration Services
San Francisco District Office
630 Sansome Street
San Francisco, CA 94111

Re:     *Aye Aye KYI, WSC\*001529304/A074-227-576*

Dear District Director:

At the N-336 hearing held yesterday, CIS Officer Peterson acknowledged that the Service's error on Ms. Kyi's case was the worst she'd ever seen, namely their failure to rescind Ms. Kyi's erroneously granted lawful permanent residence status back in August 2003 which now operated to bar Ms. Kyi from naturalization (for full details, see our attached brief in support for request for N-336 hearing).  Nonetheless, Officer Peterson indicated that she could not approve Ms. Kyi's N-400 application nor could the Service grant Ms. Kyi lawful permanent residence *nunc pro tunc*. She indicated that the Service would immediately rescind Ms. Kyi's erroneously issued permanent residence status under the F-29 category, as it should have done by operation of law back in February 2003. Ms. Kyi could then reapply for permanent residence status yet again through her U.S. citizen husband, either with the Service or before a immigration judge should the Service issue a Notice to Appear. Ms. Kyi would then have to wait for the adjustment of status application through her husband to be approved, then wait the requisite time for her eligibility to apply for naturalization, and then wait still further for her N-400 application to be approved.

This appears to severely prejudice our client, given the extraordinary amount of time wasted –five years to be exact–and forces Ms Kyi to re-file multiple applications and bear the financial burden of paying for all these applications again through no fault of her own.  It is extremely unjust for the Service not to bear any responsibility on this matter whatsoever. The circumstances in this case warrant special attention and remedy by the Service.  We hope this matter can be resolved administratively without the need to seek federal court relief.

Sincerely,

Justin Wang, Esq.

cc:  Robin Barrett, Field Director

$E_x 5$

Immigration and Naturalization Service                                    Notice of Action

| A # 2 | Application/Petition | I130 |
| Receipt # | Applicant/Petitioner | IMMIGRANT PETITION FOR RELATIVE |
| Notice Date WAC-90-1  00173 | Beneficiary | OI                    WONG |
| 05/31/90        1 OF 1      AYE |  | AYE |

O. WONG

1574 42ND AVE
SAN FRANCISCO          CA
                94122-0000

APPROVAL NOTICE
CLASS. GRANTED= 2ND PREF.
PRIORITY DATE= 04/02/90
CONSULATE:
      RANGOON

Notice also sent to:

NONE

THE ABOVE PETITION IS APPROVED.  WE HAVE FORWARDED IT TO THE CONSULATE
LISTED ABOVE.  THIS COMPLETES ALL INS ACTION ON THIS PETITION.  PLEASE
CONTACT THE CONSULATE DIRECTLY IF YOU HAVE QUESTIONS ABOUT VISA ISSUANCE OR
WISH TO HAVE THE PETITION MOVED TO ANOTHER CONSULATE.

THE BACK OF THIS FORM CONTAINS ADDITIONAL INFORMATION ABOUT WHAT APPROVAL
OF AN IMMIGRANT PETITION MEANS.  PLEASE READ IT CAREFULLY.

You will be notified separately about any other applications or petitions you filed. Save this notice. Please enclose a
copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

WESTERN SERVICE CNTR
P. O. BOX  30111
                  UEL,        CA    92677-8111        Please see additional information on the back.
Form I-797 (Rev. 9/28/87)

Ex.6



U.S. Department *f* *Justic*

Immigration and Naturalization Service

| | |
|---|---|
| District Director | *Appraisers Building*<br>*630 Sansome Street, Room 242A*<br>*San Francisco, CA. 94111* |

ear *Aye, Aye Kyi*                     FILE NO.   A *74227 576*

                                        A _____

                         DATE FILED: _____ JUL 17 1995

lease come to <u>630 Sansome Street, San Francisco, CA 94111,</u> (Room 242A for ou **adjustment of status interview.** Because of limited seating, it is equested that only the petitioner, if required, and beneficiary(ies) appear t our office.

ATE: ____ JAN 29 1996 ____   TIME: _2:15_
     )              BUNDLE: _6_

PLEASE PLACE YOUR APPOINTMENT LETTER IN THE TRAY AT ROOM 242A AND BE SEATED.
BRING THE FOLLOWING WITH YOU FOR THE INTERVIEW:

t. This notice, proper identification, _____

_____

2. Your passport and Arrival Document, Form I-94, (if applicable).
3. Any immigration document(s) that you have been issued.
4. If your application is based upon a marital relationship, the petitioner SHOULD appear with you with evidence supporting the relationship. Examples of acceptable evidence are: Joint income tax returns; insurance policies; rent contracts; escrow papers; bank statements; car titles, etc. Any other documentation you present will be given consideration before a final decision is made.

### IMPORTANT NOTICE

1. *If you leave the United States, you will not be allowed to reenter unless you are in possession of an Immigrant Visa or an Advance Parole Document.*
2. FAILURE TO KEEP THIS APPOINTMENT & FAILURE TO BRING THE REQUESTED DOCUMENTATION WILL DELAY YOUR CASE AND MAY RESULT IN THE DENIAL OF YOUR APPLICATION.
3. IF YOU DO NOT SPEAK ENGLISH, YOU MUST BRING A DISINTERESTED THIRD PARTY INTERPRETER TO THE INTERVIEW.
4. Your attorney must accompany you to this interview if you wish to be represented.
5. Your interview may be video taped.
6. If you do not wish to surrender originals of any documents, you should also bring copies of the originals to the interview.

Sincerely,

*Thomas J. Schiltgen*
THOMAS J. SCHILTGEN
District Director

Ex. 7

# CITY and COUNTY of SAN FRANCISCO

CERTIFICATION OF VITAL RECORD

### LICENSE AND CERTIFICATE OF MARRIAGE 4 2 0 0 3 3 8 00508

MUST BE LEGIBLE - MAKE NO ERASURES, WHITEOUTS OR OTHER

| STATE FILE NUMBER | | | | | LOCAL REGISTRATION NUMBER |

**GROOM PERSONAL DATA**

| 1A. NAME OF GROOM - FIRST (GIVEN) | 1B. MIDDLE | 1C. LAST (FAMILY) | 2. DATE OF BIRTH - MONTH, DAY, YEAR |
|---|---|---|---|
| PIUS | - | FONG | 01/09/1954 |

| 3A. RESIDENCE - STREET AND NUMBER | 3B. CITY | 3C. ZIP CODE | 3D. COUNTY - OUTSIDE CALIFORNIA, ENTER STATE | 4. STATE OF BIRTH |
|---|---|---|---|---|
| 114 SWEENY ST. | SAN FRANCISCO | 94134 | SAN FRANCISCO | BURMA |

| 5. MAILING ADDRESS - IF DIFFERENT | 6. NUMBER OF PREVIOUS MARRIAGES | 7A. LAST MARRIAGE ENDED BY: | 7B. DATE - MONTH, DAY, YEAR |
|---|---|---|---|
| - | 0 | ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | - |

| 8A. USUAL OCCUPATION | 8B. USUAL KIND OF BUSINESS OR INDUSTRY | 9. EDUCATION - YEARS COMPLETED |
|---|---|---|
| LETTER CARRIER | U.S. POSTAL | 16 |

| 10A. FULL NAME OF FATHER | 10B. STATE OF BIRTH | 11A. FULL MAIDEN NAME OF MOTHER | 11B. STATE OF BIRTH |
|---|---|---|---|
| U SEIN WIN | BURMA | HOU THWE KYU | BURMA |

**BRIDE PERSONAL DATA**

| 12A. NAME OF BRIDE - FIRST (GIVEN) | 12B. MIDDLE | 12C. CURRENT LAST (FAMILY) | 12D. MAIDEN LAST (FAMILY) (IF DIFFERENT THAN 12C) | 13. DATE OF BIRTH - MONTH, DAY, YEAR |
|---|---|---|---|---|
| AYE | AYE | KYI | - | 09/14/1964 |

| 14A. RESIDENCE - STREET AND NUMBER | 14B. CITY | 14C. ZIP CODE | 14D. COUNTY - OUTSIDE CALIFORNIA, ENTER STATE | 15. STATE OF BIRTH |
|---|---|---|---|---|
| 114 SWEENY ST. | SAN FRANCISCO | 94134 | SAN FRANCISCO | BURMA |

| 16. MAILING ADDRESS - IF DIFFERENT | 17. NUMBER OF PREVIOUS MARRIAGES | 18A. LAST MARRIAGE ENDED BY: | 18B. DATE - MONTH, DAY, YEAR |
|---|---|---|---|
| - | 0 | ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | - |

| 19A. USUAL OCCUPATION | 19B. USUAL KIND OF BUSINESS OR INDUSTRY | 20. EDUCATION - YEARS COMPLETED |
|---|---|---|
| SALES ASSOCIATE | RETAIL | 18 |

| 21A. FULL NAME OF FATHER | 21B. STATE OF BIRTH | 22A. FULL MAIDEN NAME OF MOTHER | 22B. STATE OF BIRTH |
|---|---|---|---|
| U AUNG WIN | BURMA | DAW TIN KYI | BURMA |

**AFFIDAVIT**

WE, THE UNDERSIGNED, AN UNMARRIED MAN AND UNMARRIED WOMAN, STATE THAT THE FOREGOING INFORMATION IS CORRECT AND TRUE TO THE BEST OF OUR KNOWLEDGE AND BELIEF, THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR TO THE ISSUANCE OF A LICENSE IS KNOWN TO US, AND HEREBY APPLY FOR A LICENSE AND A CERTIFICATE OF MARRIAGE

| 23. SIGNATURE OF GROOM | 24. SIGNATURE OF BRIDE |
|---|---|
| ▶ | ▶ |

**LICENSE TO MARRY**

AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED BY THE LAWS OF THE STATE OF CALIFORNIA TO PERFORM A MARRIAGE CEREMONY WITHIN THE STATE OF CALIFORNIA TO SOLEMNIZE THE MARRIAGE OF THE ABOVE NAMED PERSONS. REQUIRED CONSENTS FOR THE ISSUANCE OF THIS LICENSE ARE ON FILE.

| 25A. ISSUE DATE MONTH, DAY, YEAR | 25B. LICENSE EXPIRES AFTER MONTH, DAY, YEAR | 25C. LICENSE NUMBER | 25D. COUNTY OF ISSUE |
|---|---|---|---|
| 02/12/2003 | 05/13/2003 | 03-0000459-00 | San Francisco |
| | | 25E. NAME OF COUNTY CLERK | 25F. SIGNATURE OF DEPUTY CLERK (IF APPLICABLE) |
| | | ▶ Darryl M Burton | BY _____ DEPUTY |

**WITNESS(ES) (ONE REQUIRED)**

| 26A. SIGNATURE OF WITNESS | 26B. ADDRESS - STREET AND NUMBER | 26C. CITY, STATE AND ZIP CODE |
|---|---|---|
| ▶ Aung Win - W | 114 Sweeny Street | SF CA 94134 |
| 27A. SIGNATURE OF WITNESS | 27B. ADDRESS - STREET AND NUMBER | 27C. CITY, STATE AND ZIP CODE |
| ▶ Tin Kyi Dan | 114 Sweeny Street | SF CA 94134 |

**CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE**

28. I HEREBY CERTIFY THAT THE ABOVE-NAMED BRIDE AND GROOM WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA

| ON 02/ MONTH | 12/ DAY | 2003 YEAR | 29A. SIGNATURE OF PERSON SOLEMNIZING MARRIAGE ▶ Amada D. Cubias | 29B. RELIGIOUS DENOMINATION (IF CLERGY) |
|---|---|---|---|---|
| AT San Francisco CITY OR TOWN | San Francisco COUNTY | CALIFORNIA | 29C. NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT) AMADA D. CUBIAS | 29D. OFFICIAL TITLE Dep. Mar. Com |
| | | | 29E. MAILING ADDRESS CITY HALL, #168 SF CA | 29F. ZIP CODE 94102 |

**LOCAL REGISTRAR OF MARRIAGES (County Recorder)**

| 30A. SIGNATURE OF LOCAL REGISTRAR ▶ Mabel S. Teng | 30B. SIGNATURE OF DEPUTY (IF APPLICABLE) BY _____ DEPUTY | 31. DATE ACCEPTED FOR REGISTRATION FEB 14 2003 |
|---|---|---|

State of California, Department of Health Services, Office of State Registrar

VS-117C (1-92)

---

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF SAN FRANCISCO

This is a true and exact reproduction of the document officially registered and placed on file in the office of the SAN FRANCISCO ASSESSOR-RECORDER.

102281

ATTEST: _____

DATE ISSUED: FEB 2 3 2003

MABEL S. TENG
SAN FRANCISCO ASSESSOR-RECORDER

This copy not valid unless prepared on engraved border displaying date, seal and signature of Deputy Assessor-Recorder.

# UNITED STATES OF AMERICA

## CERTIFICATE OF NATURALIZATION

No. 22746999







Fong

*Personal description of holder as of date of naturalization.*

Date of birth: JANUARY 09, 1954

Sex: MALE

Height: 5 feet 04 inches

Marital status: SINGLE

Country of former nationality: BURMA

INS Registration No. A40 554 907

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

Pius Fong

*(Complete and true signature of holder)*

Be it known that, pursuant to an application filed with the Attorney General,

The Attorney General having found that:

PIUS FONG

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having been admitted to citizenship and having taken the oath of allegiance to or in a ceremony conducted by the

U.S. DISTRICT COURT
FOR THE NORTHERN CALIFORNIA

at: SAN FRANCISCO, CA
SAN FRANCISCO, CA on: AUG 6

that such person is admitted as a citizen of the United States of America.

Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 6-91

Ex 8

# BAUGHMAN & WANG

**Attorneys at Law**
22 Battery Street, Suite 612
San Francisco, CA 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929
Email: lawbw@aol.com

Justin X. Wang
Steve W. Baughman
David E. Russo
Jean D. Chen*
Catherine Y. Wong
Peggy A. Shih

39650 Liberty St., Suite 240
Fremont, CA 94538
Tel: (510) 623-9668
Fax: (510) 623-9498

*Admitted in New York only

April 11, 2003

BCIS
P.O. Box 194210
San Francisco, CA 94111
I-485

Re:  **I-130 and I-485 Petitions**
     **Petitioner:**   Pius FONG
     **Beneficiary:**  Aye Aye KYI (A74 227 576)

Dear BCIS Officer:

Enclosed are the entire package for above-mentioned petitions including application forms, filing fees, and supporting documents.

Please note that beneficiary's adopted mother, Qi Ming Wong, filed an I-130 petition on behalf of beneficiary under Section 203(a)(2) of the Immigration and Nationality Act. This petition was approved on May 31, 1990. On July 17, 1995, beneficiary filed an I-485 application to San Francisco District Office. On June 19, 1996, Qi Ming Wong's I-130 visa petition was revoked because the District Office determined that "Kittima Adoption Deed was not valid". Therefore, the District Director denied beneficiary's I-485 application on July 31, 1996. An appeal of I-130 has been filed and this case is currently pending at the District Office. I have enclosed all of the related documentation for your review.

This I-485 application is base upon beneficiary's marriage with her U.S. citizen husband, Pius Fong.

Thank you for your attention. Please contact me should you have any questions.

Sincerely,

Justin Wang

Ex. 9

# BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES

630 Sansome Street
San Francisco, CA 94111

---

## NOTICE OF RECEIPT

DATE: MAY 12, 2003

A No: 74 227 576/COA: CR6

NAME:      KYI, AYE AYE

ADDRESS:   208 WAYLAND STREET
           SAN FRANCISCO, CA 94134

Your **Form I-485 Application for Adjustment of Status** has been received and accepted. Your interview appointment notice will be mailed to you separately. If you also applied for employment authorization and/or advance parole, notices for appearing to receive these benefits, if approved, are also enclosed.

Please carefully review all of the other material enclosed. It may include requests for evidence and documentation you must bring with you to your interview on the date assigned. **Failure to bring all requested evidence and documents to your adjustment of status interview could result in immediate denial of your adjustment application. Do not mail documents to this office unless advised to do so.**

**NOTICE: You must not depart the United States without written permission from the Service while your application is pending. If you depart without permission your application will be denied.** You may apply for advance parole to re-enter the United States to continue processing your application.

ADVISORY: If after April 1, 1997, you were unlawfully present in the United States for more than 180 days before filing for adjustment of status, you may be found inadmissible under Section 212(a)(9)(B)(I) of the Act when returning to the United States. If you are found inadmissible, you will need to qualify for a waiver of inadmissibility before your adjustment of status can be approved.

CHANGE OF ADDRESS: The change of address form included with this receipt is for your use to notify this office of any change of address. Please retain a copy for your records. Failure to notify this office in a timely manner of any change of address may result in denial of your applications for adjustment of status and employment authorization (EAD.)

---

For: **David N. Still, Acting District Director**

DM Form 1 (11/07/02) other editions are obsolete and may no longer be used

Ex.10

# BAUGHMAN & WANG

### ATTORNEYS AT LAW

San Francisco Main Office

111 Pine Street, Suite 1350
San Francisco, CA 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929
Email: justin@lawbw.com

Fremont Office

39650 Liberty Street, Suite 240
Fremont, CA 94538
Telephone: (510) 623-9668
Facsimile: (510) 623-9498

February 7, 2008

Robin Barrett
Field Office Director
Citizenship and Immigration Services
630 Sansome Street, Citizenship Branch
San Francisco, CA 94111

Re:    *N-336 Request for Hearing on Decision in Naturalization Proceedings*
      *Aye Aye KYI, WSC\*001529304/A074-227-576*

Dear Ms. Barrett:

   We represent Aye Aye Kyi, who is filing this request for a hearing on the denial of her naturalization. Ms. Kyi filed an Application for Naturalization, Form N-400, on June 7, 2006. At her naturalization interview on September 14, 2006, Ms. Kyi again reiterated that she had been erroneously granted lawful permanent resident status by the Service on August 8, 2003. Despite repeated attempts since February 12, 2004 to get the Service to rescind that status, the Service formally denied Ms. Kyi's naturalization application on January 29, 2008 because of their own aforementioned failure to rescind that status. Ms. Kyi timely files this request for a review hearing within 30 days of the decision pursuant to Section 336(a) of the Immigration and Nationality Act (INA).

   The Service erroneously approved Ms. Kyi as a lawful permanent resident in the 2nd preference immigrant category (adopted daughter of lawful permanent resident) back in August 2003. Because Ms. Kyi married her U.S. citizen husband on February 2003, her F-29 preference category petition should have been voided by operation of law. Moreover, she immediately lost eligibility to adjust her status because a petitioning lawful permanent resident parent cannot petition for a married son or daughter.

   Ms. Kyi was the beneficiary of a subsequent I-130 application filed by her U.S. citizen spouse in May 2003. Ms. Kyi requested to withdraw her I-485 filed previously based on her F-29 petition as she was married. Her cover letter is attached. CIS ignored her request and granted her permanent status on August 8, 2003. At her adjustment of status interview on February 12, 2004, in conjunction with her second I-485 based on her USC spouse's I-130, Ms. Kyi surrendered her lawful permanent resident card to the officer, seeking to abandon her erroneously issued lawful permanent resident status. The Service was put on notice again that it had issued Ms. Kyi an alien

registration card in error. However, on June 20, 2005, the Service denied her I-485 application based on her immediate relative status, stating that Ms. Kyi was already a lawful permanent resident, despite the fact that they had retained Ms. Kyi's alien registration card and knew it was issued in error. In discussions with the Service requesting return of her alien registration card, they indicated her status would remain as lawful permanent resident under the F-29 category until the Service formally issued rescission proceedings. This rescission never happened. Ms. Kyi, through her counsel, contacted Mr. Bill Ramos, then section chief for AOS, to rectify the situation. Letter to Mr. Ramos is attached hereto. Counsel also called Mr. Ramos about this situation. All these efforts yielded no positive results. CIS insisted Ms. Kyi's status was fine  CIS' continuing failure to terminate the F-29 permanent residence status, despite opportunities to do so since February 2004, should not operate as grounds to now bar Ms. Kyi from naturalization.

Ms. Kyi was caught in a "catch-22" situation throughout her immigration process. The Service's failure to terminate her permanent resident status put her in a state of uncertain immigration status for over four years, now culminating in a bar to her naturalization.

Back in May of 2003, Ms. Kyi requested to withdraw her first I-485 and then readily acknowledged that she should not have been issued lawful permanent status under Section 203(a)(2)(B) of the INA because she had since gotten married. Furthermore, she had revealed and fully disclosed such information in May of 2003 and again at her February 12, 2004 adjustment of status interview. Ms. Kyi has consistently sought clarification of her permanent residence status by the Service. Despite this, the Service's failure to easily remedy the confusion has placed Ms. Kyi in a very unfortunate situation.

We request that the Service terminate her permanent status under the F-29 category and, because of its egregious error and prejudice to Ms. Kyi, grant her the appropriate permanent status as the spouse of a U.S. citizen *nunc pro tunc*. Accordingly, the Service should approve her naturalization application.

**This is an extraordinary case which requires extraordinary measures to rectify.** I urge the Service to take the right steps to remedy the situation. If the appeal is denied, Ms. Kyi will have no choice but filing a federal court action to address this unfair unjust consequences caused through no fault of the alien but entirely by the CIS.

Your prompt attention to this matter would be greatly appreciated. Please contact me should you require any further clarifications.

Respectfully Submitted By:
**BAUGHMAN & WANG**

Justin X. Wang

Ex. 11



U.S. Department of Homeland Security
630 Sansome Street, Citizenship Branch
San Francisco, CA 94111

**U.S. Citizenship
and Immigration
Services**

Aye Aye Kyi
180 Canterbury Ave
Daly City, CA 94015

**Refer to this file:** WSC*001529304
**Alien Number:**   A 074 227 576
**Date:**
    JAN 2 9 2008

### DECISION

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing <u>within 30 Days</u> of the date of this notice.**  If no request for hearing is filed within the time allowed, this decision is final.  A request for hearing may be made to the District Director, with the office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with the appropriate fee at the time of filing. (Please refer to our website www.uscis.gov for the appropriate fee).**  A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

Robin Barrett
Field Office Director

Cc:  Justin X. Wang, Esq.

Enclosure:  Form N-336

Form N-335

Attachment(s) to Form N-335, Page 1

Applicant: Aye Aye Kyi
Application for Naturalization, Form N-400
Alien Number: a074227576
Application ID: WSC*001529304

On June 7, 2006, you applied for naturalization under Section 319(a) of the Immigration and Nationality Act, as amended, herein the Act. On September 14, 2006, you were interviewed by an officer of the U.S. Citizenship and Immigration Services (USCIS) to determine your eligibility for naturalization. During your interview, you testified that you were granted Lawful Permanent Resident status on August 8, 2003, and presented an Alien Registration Card. You further testified that you married Pius Fong on February 12, 2003 a United States citizen.

Your immigration record reflects that on August 12, 2003, you were granted permanent residence pursuant to Section 203(a)(2)(B) of INA as an unmarried daughter of a lawful permanent resident. However, you were not entitled to the status of an unmarried daughter of a lawful permanent resident since you were already married to Pius Fong.

In addition, had you revealed your marriage to the Immigration officer you would have been found excludable and refused admission to the United States.

On the date you married, Pius Fong, on February 12, 2003, your I-130 visa petition was automatically revoked pursuant to 8 C.F.R. 205.1.

Section 101(a)(20) of the Act states in part: "...(20) The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."

It is well settled that an alien who is excludable at entry does not acquire a lawful status. In Re Longstaff, 716 F.2d 1439 (5th cir. 1983) the court decided that an "admission is not lawful if it is regular only in form. The term *lawfully* denotes compliance with substantive legal requirements, no merely procedural regularity..." In the case of Monet v. INS, 791 F.2d 752 (9th cir. 1986); and the case of Matter of T, 6 I&N Dec. 136 (A.G. 1934), the court held that the alien's entry was not lawful because he obtained an immigration visa by fraud. In the case of Fedorenko v. United States, 449 U.S. 490 (1981), the court held that because an alien was not lawfully admitted to the United States, the applicant was ineligible for naturalization.

Attachment(s) to Form N-335, Page 2

Applicant:  Aye Aye Kyi
Application for Naturalization, Form N-400
Alien Number:  a074227576
Application ID:  WSC*001529304


At the time you immigrated to the United States as unmarried daughter of a lawful
permanent resident you were ineligible for such status, as you were already married.  Had
you divulged this information, your immigration application would have been denied.  In
as much as you were not lawfully admitted to the United States as lawful permanent
resident, you do not, at this time, meet the permanent residence requirement, and you are
ineligible for naturalization.  Therefore your application must be and hereby is DENIED.

Ex. 12

U.S. Dep__ament of Homeland Security
630 Sansome Street, Citizenship Branch
San Francisco, CA 94111



**U.S. Citizenship
and Immigration
Services**

Aye Aye Kyi
180 Canterbury Avenue
Daly City, CA 94015

Refer to File Number:
A74 227 576/CB
JUN 1 7 2008

### N-336 HEARING DECISION

On January 29, 2008, your application for naturalization was denied, and you filed timely a Form N-336, Request for Hearing on a Decision [in] Naturalization Proceedings. On April 9, 2008, a Review Hearing was conducted to allow you an opportunity to overcome the reasons for the denial of your application for naturalization.

Your application for naturalization had been denied because you failed to provide convincing evidence to establish your eligibility for naturalization. Citizenship and Immigration Services officers are unable to approve your application for naturalization because you did not make a lawful entry for permanent residence. As long as you remain a permanent residence granted without a valid visa, you cannot be adjusted again, nor be naturalized.

At your Review Hearing you provided a review of the situation and a request for resolution by approving the application for naturalization. USCIS cannot approve the application until the permanent residence issue is resolved.

It is determined that you have not sufficiently overcome the reasons for the denial of your application for naturalization, and your application remains denied.

Section 336.9(b) of Title 8, Code of Federal Regulations provides for a further review of your qualifications for naturalization under your current application. To request such a review, you must file a petition for review with the United States District Court having jurisdiction of your place of residence, in accordance with Chapter 7, Title 5, United States Code, within not more than 120 days of the date of this decision.

Robin Barrett
Field Offices Director

Cc:
Justin Wang
111 Pine St., #1350
San Francisco, CA 94111

www.dhs.gov