IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYE AYE KYI, | |
|     Plaintiff, | No. 08-03383 JSW |
|     v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| MICHAEL CHERTOFF, | |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON December 5, 2008 at 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants, in part,** Defendant's Motion for Summary Judgment and tentatively **denies** Plaintiff's Cross-Motion for Summary Judgment. The parties each shall have fifteen (15) minutes to address the following questions:

1. Is the Court correct that Defendant agrees that the Court has jurisdiction to review the denial of her application for naturalization, pursuant to 8 U.S.C. § 1421(c)?

    a. Setting aside the issue of the pending removal proceedings, is it Defendant's position that, in conducting a *de novo* review of the denial of her naturalization application, that the Court could not consider whether the Service erred in granting Plaintiff lawful permanent resident status based on her first I-130 petition and whether it erred in failing to rescind that status?

2. Defendant argues that "there is no remedy available" to Plaintiff, because the Service is barred by a statute of limitations from rescinding Plaintiff's first adjustment of status application. If that is the case, why would exhaustion through the removal proceedings not be futile? *See, e.g., Laing v. Ashcroft*, 370 F.3d 994, 1000-1001 (9th Cir. 2004) (noting exceptions to exhaustion requirements).

3. Is it Defendant's position that the institution of removal proceedings divests this Court of jurisdiction to consider the merits of Plaintiff's petition or is it Defendant's position that this Court cannot grant Plaintiff effective relief now that removal proceedings have begun? *See Bellajara v. Schiltgen*, 378 F.3d 1042, 1046 (9th Cir. 2004); *Zayed v. United States*, 368 F.3d 902, 905-07 (6th Cir. 2004).

4. Even if the Court could apply the equitable principles of *nunc pro tunc* relief, *see Edwards v. I.N.S.*, 393 F.3d 299 (2d Cir. 2004), in light of the *Bellajara* and *Zayed* cases, *supra*, what is Plaintiff's best argument that this Court can provide her with the relief she seeks?

5. Are there any other issues the parties wish to address?

Dated: December 3, 2008

                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California